UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DARIUSZ NOWICKI on behalf of himself and on behalf of all others similarly situated,

                    Plaintiff,

-against-

TOLL BROTHERS, INC., KS CONSTRUCTION CO. and KAZIMIERZ SZWADER,

                    Defendants.

Case No.  CV 10 4877

Amon, J.
J. Orenstein, M.J.

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

---

David Zevin, Esq.
*Attorney for Defendants*
55 Cedar Drive
Roslyn, NY 11576
(516) 849-5335
DavZev@hotmail.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………...ii

PRELIMINARY STATEMENT……………………………………….…….………...1

ARGUMENT......................................……………………………………………..2

    I.      THE COUNTERCLAIM FOR UNJUST ENRICHMENT MUST STAND, AS FACTS EASILY SUFFICIENT TO RAISE A "REASONABLE INFERENCE" OF WRONGDOING HAVE BEEN PLED……………......…....2

    II.     THE COUNTERCLAIM FOR BREACH OF CONTRACT MUST ALSO STAND, AS FACTS EASILY SUFFICIENT TO RAISE A "REASONABLE INFERENCE" OF WRONGDOING HAVE BEEN PLED, ALL ELEMENTS HAVE BEEN PLED, AND, CONTRARY TO PLAINTIFF'S ASSERTION, THE CLAIM IS NOT ONE FOR "POOR WORK PERFORMANCE"……………………….….………….4

CONCLUSION……………………………………….…………...…………………7

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Ashcroft v. Iqbal*
    129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)……………………………………………1, 2, 3, 4

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)………………………………..3, 4

*Burke v. Steinmann*
    2004 WL 1117891 (S.D.N.Y. 2004)……………………………………………………….7

*Chenensky v. New York Life Ins. Co.*
    2011 WL 1795305 (S.D.N.Y. 2011)……………………………………………………….5

*Gortat v. Capala Bros., Inc.*
    585 F.Supp.2d (E.D.N.Y. 2008)…………………………………………………….. 5, 6, 7

*Leibowitz v. Cornell Univ.*
    584 F.3d 487 (2d Circ. 2009)……………………………………………………………….5


**State Cases**

*Nakamura v. Fujii*
    253 AD 2d 387 (1st Dept. 1998)…………………………………………………………3

*Sergeants Benevolent Assn. Annuity Fund .v Renck*
    19 AD3d 107 (1st Dept. 2005)…………………………………………………………...3

*Smith v. Chase Manhattan Bank, USA, NA*
    293 AD 2d 598 (2nd Dept. 2002)………………………………………………………...3

*Smith v. Meridian Technologies, Inc.*
    52 AD 3d 685 (2nd Dept. 2008)…………………………………………………………..5

*Wiener v. Lazard Freres & Co.*
    241 AD 2d 114 (1st Dept. 1998)…………………………………………………………3

*Wolf v. National Council of Young Israel*
    264 AD 2d 416 (2nd Dept. 1999)………………………………………………………...3

**Federal Statute**

Federal Rule of Civil Procedure 8(a)(2)……………………………………………………….1

**State Statute**

New York Labor Law § 193………………………………………………………………….6, 7

**PRELIMINARY STATEMENT**

The defendants/counterclaim-plaintiffs KS CONSTRUCTION CO. and KAZIMIERZ SZWADER submit this Memorandum of Law in opposition to the plaintiff/counterclaim defendant DARIUSZ NOWICKI's Motion to Dismiss the defendants' two counterclaims. The plaintiff's Preliminary Statement and Statement of Facts, while not entirely accurate, suffice to convey the general nature of this matter, and the defendants will not burden the Court with additions and corrections which are irrelevant to its decision on this motion.

The plaintiffs assert that the first counterclaim, for unjust enrichment, fails to meet the recently slightly-heightened pleading standards, as articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). The invocation of *Iqbal* however, is misplaced – the plaintiff seems to take the Supreme Court's admonition that allegations must rise from "conceivable" to "plausible," and attempts to raise the level to "probable." As the plaintiff acknowledges, the pleading standard is still such that a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," (FRCP 8(a)(2)), and that a court accept as true all of the factual allegations within the pleading and any reasonable inferences that may be drawn from them. Here, the pleadings regarding the first counterclaim easily provide sufficient detail to raise inferences that should be permitted exploration in discovery.

Next, the plaintiff asserts that the second counterclaim, for breach of contract, is improperly pled in that it omits an element of the claim. First of all, the plaintiff is wrong on the law in that this element need not be pled, and second of all, this element is indeed pled. The plaintiff then goes on to assert that an employer cannot sue a former employee for breach of contract, and cites one, inapposite case. Once again, the plaintiff is simply wrong on the law.

## ARGUMENT

### I. THE COUNTERCLAIM FOR UNJUST ENRICHMENT MUST STAND, AS FACTS EASILY SUFFICIENT TO RAISE A "REASONABLE INFERENCE" OF WRONGDOING HAVE BEEN PLED

The plaintiff's contention that the defendants have "failed to plead even a single fact to support th[e] assertion" that the plaintiff was unjustly enriched at the defendants' expense is mind-boggling. The pled facts are clear: 1) the plaintiff regularly filled the defendant's van with gas, 2) the plaintiff regularly went out of his way not to do so at the same time that the other employees did, 3) the plaintiff regularly left the work site alone to do so, 4) the plaintiff regularly would return from the gas station with a satchel which was much heavier than when he left, 5) upon his return from the gas station, the satchel contained a container which was filled with gasoline.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable *inference* that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). (Emphasis supplied). (Internal citations and quotation marks omitted).

It is far from a stretch to draw the reasonable inference that an employee in the possession of his employer's credit card, who deliberately travels to a gas station at a time different from that of his co-workers, and who fills a container secreted in a satchel with gasoline at such time, has used his employer's credit card to purchase said gasoline. As such, this counterclaim should not be dismissed at this early stage. Indeed, these facts may be sufficient to allow this claim to go to a jury.

The pleading standard, again as enunciated in *Iqbal*, simply requires "more than a sheer possibility that a defendant has acted unlawfully." The *Iqbal* Court went on to note that, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Further, the pleading standard "does not require 'detailed factual allegations', but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (Citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Clearly in the instant matter, the facts alleged are significantly more than an "unadorned," "threadbare recital" formulaic recital of elements, and create an inference of more than a "sheer possibility" of wrongdoing. The standard to survive a motion to dismiss, although perhaps higher now than pre-*Iqbal*, is still quite low.

Also, it is unclear as to whether the plaintiff is claiming that not all of the elements of this claim are pled. The plaintiff asserts that "In order to establish a claim for unjust enrichment, Defendants must allege that (1) Plaintiff was enriched, (2) at Defendants' expense, and that (3) "equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Abundant case law holds that only the first two of these plaintiff-listed elements must be pled. *Sergeants Benevolent Assn. Annuity Fund .v Renck*, 19 AD3d 107 (1st Dept. 2005); *Smith v. Chase Manhattan Bank, USA, NA*, 293 AD 2d 598 (2nd Dept. 2002); *Wolf v. National Council of Young Israel*, 264 AD 2d 416 (2nd Dept. 1999); *Nakamura v. Fujii*, 253 AD 2d 387 (1st Dept. 1998); *Wiener v. Lazard Freres & Co.*, 241 AD 2d 114 (1st Dept. 1998). Further, though not specifically pled, the alleged third element is certainly implied in a pleading which states that a company credit card was misused for personal purposes. Under the federal courts' liberal pleading standards, the alleged third element should therefore be considered adequately pled.

Further, though somewhat misquoted in the plaintiff's brief at footnote 2 as stating that the defendants' credit card records "did not show any increase in gasoline purchases," a full analysis of said records has not yet been completed. It would be unjust to allow dismissal before discovery in this area has been completed.

**II. THE COUNTERCLAIM FOR BREACH OF CONTRACT MUST ALSO STAND, AS FACTS EASILY SUFFICIENT TO RAISE A "REASONABLE INFERENCE" OF WRONGDOING HAVE BEEN PLED, ALL ELEMENTS HAVE BEEN PLED, AND, CONTRARY TO PLAINTIFF'S ASSERTION, THE CLAIM IS NOT ONE FOR "POOR WORK PERFORMANCE"**

As with the counterclaim for unjust enrichment, the plaintiff asserts that the defendant has not pled facts sufficient to allow the counterclaim for breach of contract to progress under *Iqbal* and *Twombly*, though provides no detail. The facts alleged in this counterclaim are: 1) the plaintiff was observed regularly absent from job sites for long periods of time, during which time he was obligated to perform work for the defendant, 2) the plaintiff was observed regularly engaged in personal conversations on his cell phone while he was on job sites, during which time he was obligated to perform work for the defendant, 3) the plaintiff was observed regularly stopping his work before the end of the work day, during which time he was obligated to perform work for the defendant, and 4) during these times, he performed no work for the defendant.

It is difficult to understand how these facts are insufficient to plausibly state a claim under *Iqbal* and *Twombly*.

Next, the plaintiff asserts that this counterclaim has been improperly pled, alleging that the existence of a contract has not been pled. This assertion, too, is unfathomable. The counterclaim, in addition to noting that the plaintiff was obligated to perform work for the defendants (see above), contains the allegations that 1) the defendant "employed the Plaintiff

4

and Counterclaim-Defendant as an underlayment installer," 2) "The Defendant and Counterclaim-Plaintiff KS CONSTRUCTION CO. employed the plaintiff and Counterclaim-Defendant DARIUSZ NOWICKI as an underlayment installer from September, 2006 until his termination in March, 2010," and 3) "By the terms of his employment, NOWICKI was paid for the hours of 8:00 a.m. to 5:00 p.m., even if he worked fewer hours, with one unpaid half hour break for lunch, five days per week."

These allegations clearly plead the existence of an employment contract, whether oral or written is irrelevant. Indeed, the mere allegation of employment states one for the existence of a contract. "The plaintiff did not allege that he had an employment contract with Multidyne. However, an agreement terminable at will is a prospective contractual relation…." *Smith v. Meridian Technologies, Inc.*, 52 AD 3d 685 (2nd Dept. 2008). (See also *Gortat v. Capala Bros., Inc.*, 585 F.Supp.2d (E.D.N.Y. 2008)).

The plaintiff then erroneously asserts that "offer, acceptance, [and] consideration" must be pled, and cites *Chenensky v. New York Life Ins. Co.*, 2011 WL 1795305 at *4 (S.D.N.Y. April 27, 2011) for this proposition. It is hornbook law that "offer, acceptance and consideration" are the elements of a contract, but there is no case on record which holds that the separate elements must be pled. Indeed, all the plaintiff-cited *Chenensky* has to say about the matter is that "'[t]o form a valid contract…, there must be an offer, acceptance, consideration, mutual assent and intent to be bound.'" (Quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487 (2d Circ. 2009)). Nothing regarding pleading standards is mentioned at all.

The plaintiff then misstates the actual facts pled, asserting that, "Although Defendants claim that Plaintiff frequently left the job site and spent a lot of time on his cell phone, they allege no facts that Plaintiff did so improperly." As noted above, the defendants, several times,

stated that during the time the plaintiff was off the job sites and on his cell phone, he "was obligated to perform work for KS CONSTRUCTION CO. and KAZIMIERZ SZWADER, [and] he performed no such work." If this is not an allegation that plaintiff behaved "improperly," then it is difficult to imagine what might be.

The plaintiff then goes on to conflate pleading requirements with trial evidence, when he states that the basis of knowledge of the witnesses who observed the plaintiff should be pled. First of all, it is the individual defendant who knows what was required of the plaintiff and when, rather than the witnesses, and second of all, this is all fodder for discovery and trial, and so far beyond the requirements of pleading as to make the plaintiff's argument truly perplexing.

Finally, the plaintiff attempts to characterize this counterclaim as "essentially for poor work performance and [therefore] improper." Again the plaintiff cites an inapposite case for this proposition, this time *Gortat v. Capala Bros., In*c., 585 F.Supp.2d 372, 375-76 (E.D.N.Y. 2008), a case which interprets New York Labor Law § 193 in regard to claims of negligence against employees. In that case, the employer counterclaimed against its former employees, alleging that the former employees 1) "[f]ailed to secure [a] partially repaired roof from inclement weather, resulting in substantial rain damage....," 2) "[n]egligently failed to secure electrical motors….," 3) "[n]egligently allowed the concrete in [defendants'] concrete mixer to harden, resulting in the destruction of the mixer….," and 4) "[n]egligently failed to secure or return two electric hammers and a 'driller….'" Such allegations obviously sound in negligence. The Court first noted that "New York Labor Law § 193 (McKinney 2008) prohibits employers from making any deduction from employee wages except as required by law or regulation or as authorized by the employee for his or her benefit," and then noted that "Section 193 likewise

6

prohibits claims against former employees for allegedly negligent acts or for lost profits caused by poor performance." (Internal citation omitted).

The instant matter differs considerably from the facts of *Gortat*. *Gortat* concerns only employee susceptibility to suit for negligent acts. Here, the plaintiff was contractually obligated to perform a certain amount of work, and simply did not do so. The plaintiff is accused of simple breach of contract, for which claim is not barred by New York Labor Law § 193. Rather than standing accused of "poor work performance," the plaintiff is accused of *no* work performance, a contractual violation subject to suit under ordinary contract principles.

The plaintiff then cites *Burke v. Steinmann*, 2004 WL 1117891 at *6 (S.D.N.Y. May 18, 2004), another inapposite case. In *Burke*, the defendant counterclaimed against the plaintiff, alleging that under the plaintiff's management, "[t]he [defendant's] business had an 'inflated payroll' and incurred 'unnecessary fines' for Health Department violations." The Court correctly characterized these claims as, "[a]llegations that Burke was negligent or incompetent in performing his duties….," rather than as breaches of contract, and noted, as did the *Gortat* Court, that suit for such claims of negligence was barred under New York Labor Law § 193. Again, suit for negligent acts performed by a former employee are barred, while suit for failing to fulfill contractual obligations is permissible in an employment context just as in any other.

## **CONCLUSION**

For the above-stated reasons, the plaintiff's motion to dismiss the defendants' counterclaims should be denied in its entirely, and due to the clear lack of validity of the plaintiff's positions, it is respectfully requested that attorney fees in the amount of $2,500.00, for 10 hours' work at the hourly fee of $250.00/hr., be awarded to the defendants, or in the unlikely event that the Court should find the defendants' arguments unavailing, the defendants should be

7

permitted to re-plead, along with such other and further relief as the Court may deem just and proper.

Dated: Roslyn, New York
      July 5, 2011

                      Respectfully Submitted,

                      David Zevin, Esq.
                      *Attorney for the Defendants and Counterclaim-Plaintiffs*
                      55 Cedar Drive
                      Roslyn, NY 11576
                      (516) 849-5335
                      DavZev@Hotmail.com