UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DARIUSZ NOWICKI on behalf of himself and
all others similarly situated,

                Plaintiff,                NOT FOR PUBLICATION
  -against-                           **MEMORANDUM & ORDER**
                                                10-CV-4877 (CBA) (JO)
TOLL BROTHERS, INC., KS CONSTRUCTION
CO., and KAZIMIERZ SZWADER,

                Defendants.
-------------------------------------------------------------------x
**AMON, Chief United States District Judge:**

        This is a collection action brought by the plaintiff, Dariusz Nowicki, on behalf of himself and all others similarly situated, to recover unpaid wages. The plaintiff moved to dismiss the defendants' counterclaims for unjust enrichment and breach of contract. During oral argument on the plaintiff's motion, held by the Court on July 26, 2011, the Court denied the plaintiff's motion to dismiss the unjust enrichment claims, but reserved decision on the claim for breach of contract. The Court now grants the plaintiff's motion to dismiss the defendants' claim for breach of contract.

## BACKGROUND

        Nowicki—who once worked as an underlayment installer for defendant KS Construction Co. ("KS"), which is owned and / or managed by defendant Kazimierz Szwader ("Szwader")—filed this suit on behalf of himself and all others similarly situated, alleging failure to pay wages and overtime, in violation of various state and federal laws. The suit was originally brought against KS, Szwader and Toll Brothers, Inc. On January 28, 2011, the claims against Toll Brothers, Inc. were dismissed with prejudice by stipulation.

        The two defendants remaining in this action, KS and Szwader, assert a counterclaim for

breach of contract, which is premised on the allegation that Nowicki left job sites for hours at a time, "frequently spent time engaged in personal conversations on his cellular telephone" while at job sites, and "often" quit work two hours early. (Id. ¶¶ 15–21.) The defendants seek to recover as damages wages paid to Nowicki for the hours that he did not perform any work.

## STANDARD OF REVIEW

"In deciding a motion to dismiss a counterclaim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the allegations in the counterclaim as true and draw all reasonable inferences in the counterplaintiff's favor." Watts v. Jackson Hewitt Tax Serv. Inc., 675 F. Supp. 2d 274, 278 (E.D.N.Y. 2009). To survive a motion to dismiss, the counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## DISCUSSION

Nowicki argues that the defendants' breach of contract counterclaim should be dismissed because the defendants are simply alleging that Nowicki was a bad employee and, as a matter of New York law, an employer cannot recover wages paid to an employee on the ground that the employee performed poorly. In response, the defendants assert that their claim is not one for poor performance, but rather one for non-performance.

New York Labor Law § 193 bars employers "from making any deduction from employee wages except as required by law or regulation or as authorized by the employee for his or her benefit." Gortat v. Capala Bros., Inc., 585 F. Supp. 2d 372, 375 (E.D.N.Y. 2008) (citing Hudacs

v. Frito-Lay, Inc., 90 N.Y.2d 342, 346–47 (N.Y. 1997)). Section 193 likewise prohibits counterclaims against employees that are "premised on the defendant's assertion that plaintiff's poor job performance caused financial harm to defendant." Cohen v. Stephen Wise Free Synagogogue, No. 95-cv-1659, 1996 WL 159096, at *3-4 (S.D.N.Y. April 4, 1996) (dismissing counterclaim that alleged that plaintiff's poor work performance constituted breach of contract).; Guepet v. Int'l Tao Sys., Inc., 443 N.Y.S.2d 321, 322 (Nassau Cnty. Sup. Ct. 1981) ("To allow the defendant the right to recover the return of wages already paid (first counterclaim), or a money judgment (second counterclaim) based upon plaintiff's alleged lack of performance would be permitting defendant to do indirectly and retroactively that which the law specifically prohibits it from doing directly." ).

Although a claim for breach of contract premised on poor work performance is "not an obvious example of attempted wage deductions . . . , if such claims are not treated as such, the goal of § 193, which is to afford strong protection of the wages of employees, could easily be circumvented." Cohen, 1996 WL 159096, at *4; see also Burke v. Steinmann, No. 03 Civ. 1390, 2004 WL 1117891, at *6–7 (S.D.N.Y. May 18, 2004) (employer cannot deny compensation owed under a management contract on the theory that employee breached the management contract by "negligent or incompetent" performance of his duties). Thus, "[a]n employer's sole remedy under New York law for an employee's poor performance is termination." Gortat, 585 F. Supp. 2d at 376.

The defendants argue that these principles do not apply to the instant case because the defendants do not seek to recover for financial damage that was caused by the plaintiff's negligence or poor performance, but instead seek to recover wages the plaintiff received for portions of the day that he did not perform his job duties at all. Nevertheless, the defendants still

3

seek through this counterclaim to do retroactively what § 193 expressly prohibits them from doing: deducting from an employee's wages without authorization and not pursuant to some other law or regulation. The Court notes that the defendants have not cited any law or regulation that would permit them to deduct wages from an employee because he talked on his cell phone at work or for leaving work several hours early. In addition, the defendants have cited no case to support their argument that a claim to recover wages premised on a total lack of job performance should be treated as legally distinct from a claim premised on poor or negligence performance. In the absence of any authority to support it, the Court will not adopt the distinction advanced by the defendants.

For the foregoing reasons, the contract claim is dismissed for failure to state a claim.[1] Because the Court finds that the defendants' contract claim is an attempted wage deduction prohibited by New York law, leave to replead is denied as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

The plaintiff's motion to dismiss the defendants' counterclaim for breach of contract is granted. Leave to replead is denied.

SO ORDERED.

Dated: Brooklyn, New York
January 4, 2012

/s
Carol Bagley Amon
United States District Judge

---

[1] Because the Court dismisses the defendants' contract claim as barred under New York law, it need not address the plaintiff's argument that the defendants have not alleged the existence of a binding contract between the parties.