ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York 10007
Tel. (212) 267-2101


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DARIUSZ NOWICKI,

                Plaintiff,

      -against-                                    **Doc. No. 10-cv-4877**
                                                            **(CBA)(JO)**

KAZIMIERZ SZWADER, Individually and d/b/a
KS CONSTRUCTION CO.,

                Defendant.
---------------------------------------------------------------X


**PLAINTIFF'S PRETRIAL BRIEF**

-1-

**PLAINTIFF'S CASE-IN-CHIEF**

**I. Statement of Facts**

 A. <u>Plaintiff's Work for Defendant</u>

This is an action by Plaintiff for money damages for unpaid wages and unpaid overtime wages under the Fair Labor Standards Act, the Portal-to-Portal Act, the New York Minimum Wage Act, The New York Labor Law and the relevant wage orders promulgated thereunder. Plaintiff was employed by Defendant as a driver and laborer, who regularly worked over forty (40) hours per week, but was not compensated properly for all the hours he worked and for overtime hours.

Defendant provides construction services in the City of New York and its environs under the trade name KS CONSTRUCTION CO., and primarily provides subcontract work for Toll Brothers on housing projects which are located some distance from New York City.

When he was hired by Defendant, Plaintiff was told that the hourly wage was between $12 and $14, and that he would start off at $12.00 per hour, and receive a raise to $13 or $14 a few months later.

Defendant required Plaintiff and other employees (who are almost exclusively Polish immigrants with limited English skills) to appear, ready for work, at Defendant's company shop, which he maintained in his garage in Queens, each day at 6:20 am. At that time, employees, Plaintiff included, discussed with Defendant what was done the prior day at jobsites, received instructions from Defendant, who also decided which crews would work at which project, loaded the company vehicles with tools and materials, if necessary. Plaintiffs would then drive one of the vehicles with up to several employees to any of the several jobsites outside of New

York City. At quitting time at the jobsite, Plaintiffs took the employees he had brought in the morning in the vehicle back to Queens. On days in which he did not take employees to jobsites, Plaintiff would drive the company vehicle to various stores to pick up materials and would deliver such materials to the jobsites at which Defendant's employees were working.

Despite requiring Plaintiff to show up at the company shop at 6:20 a.m. every workday, and then having Plaintiff bring employees from various jobsites back to Queens, Defendant paid Plaintiff only for the jobsite hours, that is from 8:00 a.m. to 5:00 p.m. Plaintiff has alleged through his declarations, deposition testimony, and pleadings and will allege at trial that he was not paid for all the hours he worked either at his regular rate or at the proper overtime rate of 150% of his regular rate of pay.

B.  Defendant's Record-Keeping

Defendant did not have any particular time-keeping system in his business. Instead, Defendant merely had his secretaries write in nine hours every day Plaintiff worked in the company Calendar. Further, Defendant prepared computer time sheets which show that, if Plaintiff worked the full five-day workweek, Plaintiff worked forty-two and a half (42.5) hours per week. However, Defendant never paid Plaintiff for the time in the company garage in the morning and for ferrying employees from jobsites back to Queens at the end of the day. In any event, Defendant's own records show that Defendant did not pay Plaintiff overtime for the hours over forty that Defendant admits to.

C.  Defendant's Knowledge of His Obligations as an Employer

In light of his records showing otherwise, Defendant testified that he in fact paid his employees overtime pursuant to a "system" which he could not fully explain. Defendant claimed

that he understood what overtime was. But Defendant never testified that he took any affirmative action to ascertain his legal obligations under the FLSA or New York Labor Law as an employer.

## 2. Argument

### A. *Plaintiff's Substantive Claims Under the FLSA and New York State Labor Law*

The FLSA provides for mandatory minimum wage as well as overtime pay at time and one-half an employee's regular rate for all hours worked in excess of forty (40) per week, subject to certain exemptions, which are not relevant to this case. ***See***, ***29 U.S.C. §§ 206, 207 and 213.*** A private right of action to collect unpaid overtime wages is authorized by ***29 U.S.C. § 216 (b)***.

The FLSA also provides for liquidated damages of double the amount of any unpaid wages, and reasonable attorney's fees. ***Id***. The statute of limitations under the FLSA is two years from accrual of the claim, but three years for willful violations. ***See***, ***29 U.S.C. § 255 (a).***

The FLSA works in conjunction with state wage laws, and specifically authorizes the promulgation of higher minimum wages by state or municipal laws, and allows for the application of such state and municipal laws, to the extent that they do not contradict the FLSA. ***See***, ***29 U.S.C. §218(a)***.

New York State law also provides for mandatory minimum wage and overtime pay. Section 652 of the Labor Law sets forth a minimum wage for employees and authorizes the Commissioner of Labor to promulgate minimum wage orders which are binding upon employers, independent of any employment agreements.  As relevant here, the minimum wage orders issued under ***12 NYCRR 142 et seq.*** apply. New York employees in the construction industry are covered by the minimum wage rates set forth at ***12 NYCRR §142-2.1,*** whilst overtime rates of time and one-half of an employee's regular rate are mandated by ***12 NYCRR §142-2.2***. Labor

Law §663 authorizes a private right of action for unpaid minimum and overtime wages and sets a six-year statute of limitations on such actions. During the time period of this case, between 2001 and 2007, the New York Labor Law also provided for liquidated damages in the amount of twenty-five percent of the unpaid wages if the violations were willful. The statute allows for reasonable attorneys' fees and costs to the prevailing Plaintiff.

Claims for unpaid overtime wages pursuant to the New York minimum wage orders are analogous to overtime wage claims under the FLSA. **See**, ***Zheng v. Liberty Apparel Co. Inc.***, 355 F.3d 61, 78 (2d Cir. 2003). In fact, the pertinent state law provision expressly adopts the same exemptions from mandatory overtime pay as set forth in the FLSA at **29 U.S.C. §§207** and 213. **See**, **12 NYCRR §142-2.2**. The only significant substantive differences between the federal and state law claims are the liquidated damages provisions (double damages for FLSA, 25% for state during the operative period of this case) and the statutes of limitations (2 or 3 years for FLSA depending on willfulness, 6 years for state).

B. <u>Defendant is Liable to Plaintiff for Breach of Contract</u>

Plaintiff may recover for breach of contract for each regular hour worked but for which he was not paid. In order to recover for breach of contract, Plaintiffs must establish "(1) the existence of a contract between itself and [the] defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by [the] defendant; and (4) damages to the plaintiff caused by [the] defendant's breach." ***Wilk v. VIP Health Care Services, Inc.***, 2012 WL 560738 at *3 (E.D.N.Y. February 21, 2012). Plaintiff easily satisfies each element.

Plaintiff can easily show, and Defendant will not likely dispute, that Plaintiff performed under the contract. In addition, if Plaintiff shows that he performed work for which he was not

paid, he has shown that Defendant breached the contract and that he was damaged.

Plaintiff also had a contract with Defendant. "The existence of a contract requires an offer, acceptance, consideration, mutual assent and intent to be bound." ***Wilk***, *supra*, 2012 WL 560738 at \*3 *citing* ***Register.com, Inc. v. Verio, Inc.***, 356 F.3d 393, 427 (2d Cir. 2004). Plaintiff will testify, and Defendant will not likely challenge, that he was offered a job by Defendant, that he accepted the job, and that both parties had the intent to be bound. In addition, Plaintiff's agreement to perform work in exchange for pay is adequate consideration. ***Wilk***, *supra*, 2012 WL 560738 at \*3 (finding that a contract by an employee to perform work in exchange for an hourly wage was supported by consideration). As such, Plaintiff will be able to establish a breach of contract.

    C.    <u>Defendant is Liable Under the FLSA</u>

        **1.**    **Defendants were Plaintiffs and the Class' Employers**

Defendant has stipulated that Plaintiff was his employee.

        **2.**    **Defendant Operated an FLSA Enterprise**

The FLSA covers any "employee" who "in any work-week is engaged in commerce or in the production of goods for commerce." ***29 U.S.C. §§ 206(a), 207(a)***. An employee is "engaged in commerce" under the meaning of the statute if "the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." ***Mitchell v. C.W. Vollmer & Co.***, 349 U.S. 427, 429 (1955). Even if an employee is not personally "engaged in commerce" under the meaning of the FLSA, the employee may still be covered by the statute if his employer is an "enterprise engaged in commerce or in the production of goods for commerce" and has an

"annual gross volume of sales made or business done [that] is not less than $500,000." *29 U.S.C. § 203(s)(l)(A)*.

The parties stipulated to the so-called jurisdictional requirement of the FLSA.

> 3. **Defendant Failed to Pay Plaintiff for Each Regular and Overtime Hour He Worked at The Proper Rate**
>
> > i. *Overtime Claims*

Defendant failed to Plaintiff properly each of the hours he worked. Plaintiff testified and will testify at trial that they worked more than forty (40) hours a week, but was not paid for all of the hours they worked, nor at the proper overtime rate. Plaintiff is, therefore, entitled to recover for his unpaid overtime hours at a rate of 150% of their regular rate. *See*, 29 U.S.C. § 207(a)(1). *See also Rodriguez v. Queens Convenience Deli Corp.*, 2011 WL 4962397 at *3 (E.D.N.Y. October 18, 2011)(Matsumoto, J.)("[p]ursuant to the FLSA, employees must be paid a minimum of one and one-half times the regular rate they are normally paid for any hours worked in excess of forty hours in a given week."). Because Defendant agreed to Plaintiff a specific hourly rate, his regular rate is their agreed-upon hourly rate. *Blue v. Finest Guard Services, Inc.*, 2010 WL 2927398 at *10-11 (E.D.N.Y. June 24, 2010) (holding that the contractually agreed-upon rate is the regular rate); *see* also, *Sobczak v. AWL Industries, Inc.*, 540 F.Supp.2d 354 (E.D.N.Y. 2007)(Cogan, J.).

In determining whether Plaintiffs were improperly compensated under the FLSA, a court must first consider the number of compensable hours each Plaintiff worked each week. The statutory terms "hours worked" has been interpreted to include "[a]ll time during which an employee is required to be on duty or to be in the employer's premises or at a prescribed

workplace []" *29 C.F.R. § 778.223*. In order for a court to determine whether an employee received adequate compensation under the FLSA, a court must first determine the "regular rate" of pay that the employee received, which has been defined as "the hourly rate actually paid the employee for the normal, non-overtime work-week for which he is employed." *29 C.F.R. §778.108*. And "[o]nce the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation."*Id. see also  Walling v. Youngerman- Reynolds Hardwood Co.*, 325 U.S. 419, 424-25, 65 S.Ct. 1242, 1245, 89 L.Ed. 1705. (1945)

### ii. Shop and Travel Time

The crux of Plaintiff'sclaims for unpaid hours and overtime hours are the hours he spent at Defendant's company shop (garage in Queens) each morning and then driving employees and materials to the job sites – usually 60 to 80 miles outside of New York City – as well as bringing back employees from the jobsite back to Queens. Plaintiff will easily be able to show that his work began in the morning at the company shop in Queens and ended in the evening when he returned the employees and the vehicle back to Queens. 29 C.F.R. § 785.38.

Because, as is argued infra, Plaintiff worked off-the-clock at Defendant's behest and with his knowledge, Plaintiff  would be entitled to the lesser burden of proof enunciated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361-65 (2nd Cir. 2011)(holding that an employee alleging "off-the-clock" work is entitled to the lower standard under *Anderson* if he can establish that he worked off-the-clock without pay); *Robinson v. Food Service of Belton, Inc.*, 415 F.Supp.2d 1232, 1234-35 (D.Kan. 2005). This burden, which is not onerous, merely requires the employee

to give an approximation of his hours worked and the amounts he was paid, which can be based entirely on his own recollection. *Id.* at 362, 364. While Plaintiff would need to convince the jury that he worked overtime off-the-clock, the evidence in this case of such work is practically overwhelming.

### iii. Gap Time

Although Plaintiff regularly worked forty (40) hours on the job site, on some occasions, due to inclement weather or the need to take a sick or personal day, Plaintiff worked less than forty (40) hours on the job site in a given week, but still worked more than forty (40) hours once his shop and travel time is included. Plaintiff is entitled to recover for the hours he worked before they reached forty (40) hours at his regular rate. *See*, 29 C.F.R. § 778.315 ("...overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid"), ***Yourman v. Dinkins***, 865 F.Supp.154, 165-66 (S.D.N.Y.1994).

NYLL Section 190 defines "wages" as "the earnings of an employee for labor or services rendered . . ." NYLL Section 191(d) provides that "[a] clerical or other worker shall be paid the wages earned in accordance with the agreed terms of employment . . ."

Other district courts in this Circuit have recognized this distinction:

> "*The NYLL provides for full recovery of all unpaid straight-time wages owed*. In contrast, the FLSA provides for recovery of straight-time wages only to the extent the amount of compensation received by an employee results in an hourly rate that is less than the applicable federal minimum wage. In other words, New York has adopted a stricter wage provision with regard to straight-time." ***Hintergerger v. Catholic Health System***, 2012 WL 125152, at *5 (W.D.N.Y., January 17, 2012) (emphasis added); ***see also Wolman v. Catholic Health System of Long Island, Inc.***, 853 F.Supp.2d 290, 302 n.9 (E.D.N.Y.

2012).

Thus, Plaintiffs are entitled to payment for the work he actually performed.

### iv. Compensable Breaks

As Plaintiff sometimes took breaks aside from his lunch break, such as to call his wife or his child, it is beyond cavil that a short break that lasts from five (5) to twenty (20) minutes does not constitute a meal period and is compensable under the FLSA. **29 C.F.R. § 785.19**.

### 4. Employment Records

Although Defendant kept records, he failed to keep proper records of Plaintiffs' off-the-clock work and Plaintiffs is entitled to a lower standard under **Anderson v. Mt. Clemens Pottery Co.**, 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). Under **Anderson**, when an employer fails to keep proper records, "an employee need only present sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference." **Kuebel v. Black & Decker Inc.**, 643 F.3d 352, 362 (2d Cir. 2011) *citing* **Anderson**, *supra*, 328 U.S. 687-88. This standard is not high and the employee may meet his burden simply based on estimates from his recollection. *Id.* at 362. At bar, because Defendant's own records show unpaid overtime and also, failed to record Plaintiffs' shop and travel time, Plaintiff is entitled to a lower standard of proof. *Id.*

As a result, Plaintiff need only "submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred." **Reich v. Southern New Eng. Telcoms. Corp.**, 121 F.3d 58,66 (2d Cir. 1997) (*quoting* **Martin v. Selker Bros., Inc.**, 949 F.2d 1286, 1296-97 (3d Cir. 1991)). The plaintiff is able to meet this lower burden under the statute "by relying on his recollection alone." **Doo Nam Yang,** 427 F. Supp.2d at 335-36 (citing cases).

Similar to the FLSA, "in absence of adequate records ," New York law also "placed the burden on the employer to show the employee was properly compensated." *Id.* at 337 n.156 (*citing N.Y. Lab. L. § 196-a*).

### 5. Compensatory and Liquidated Damages

Since Defendant failed to pay Plaintiff for each overtime hours he worked, Plaintiff is entitled to recover his compensatory damages. As stated above, that essentially means that Plaintiff can recover for each overtime hour he worked at a rate of 150% of his regular rate.

In addition, under the FLSA, an employee who recovers under the FLSA is entitled to liquidated damages of 100% unless the Defendants can show they acted in good faith. **Gurung v. Malhotra**, 2012 WL 983520 at *7 (S.D.N.Y. March 16, 2012). The FLSA is a remedial statute that provides for liquidated damages in order to compensate employees for the often obscure and hard-to-prove consequences of having been wrongfully denied pay, rather than to punish employers. **Reich v. So. New England Telecomms. Corp.**, 121 F.3d 58, 71 (2d Cir. 1997) Although the award of liquidated damages is within the discretion of the courts, the employer bears a "difficult" burden of defending against an award, "with double damages [under the FLSA] being the norm and single damages the exception." **Herman v. RSR Sec. Servcs. Ltd.**, 172 F.3d 132, 142 (2d Cir. 1999) (*quoting* **Reich**, 121 F.3d at 71). In order to show good faith, an employer must have undertaken steps to learn his obligations under the FLSA and to comply with them. **Barfield v. New York City Health and Hospitals Corp.**, 537 F.3d 132, 150 (2d Cir. 2008). At bar, Defendant cannot show that he acted in good faith by underpaying emplees, as there is no evidence in the record that Defendant attempted to learn his obligations under the FLSA.

### 6. Willfulness and the Extended Statute of Limitations under the FLSA and Award of Liquidated Damages under the New York Labor Law

Defendant willfully did not pay Plaintiff (and other employees) properly for all hours worked and the overtime hours. Under the FLSA, an employer is deemed to have willfully violated the FLSA when he "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." ***Wong v. Hunda Glass Corp.***, 2010 WL 2541698 at *2 (S.D.N.Y. June 23, 2010).

A finding that an employer's violations were willful extends the statute of limitations under the FLSA from two to three years and allows an employee to recover liquidated damages of 25% under the New York Labor Law. A violation is "willful" if the employer "knows *or has reason to know* that his business is subject to provisions of [the FLSA], and his practice does not conform to requirements of [the] Act." ***Soler v. G & U, Inc.***, 628 F.Supp. 720 (S.D.N.Y. 1986) (emphasis added); ***Dingwell v. Friedman Fisher Assoc., P.C.***, 3 F. Supp. 2d 215, 223 (N.D.N.Y. 1998) (awarding employee liquidated damages where employer failed to take "active steps to ensure compliance with FLSA").

## B. Plaintiff May Recover Under the New York Labor Law

### *1. Differences Between the FLSA and New York Labor Law*

In order for Plaintiff to recover under the New York Labor Law, he must establish each of the elements as under the FLSA, except that he does not need to establish that the Defendants are an enterprise operating in commerce. ***See***, ***Yong***, *supra*, 2012 WL 997004 at *1. Indeed, the FLSA and New York Labor Law are interpreted coextensively, such that the foregoing analysis applies to Plaintiffs and the class' claims under the New York Labor Law. ***Lewis v. Alert***

*Ambulette Serv. Corp.*, 2012 WL 170049 (E.D.N.Y. Jan.19, 2012)(Weinstein, J.)("New York State labor regulations substantially incorporate and adopt the FLSA's overtime regulations. As such, the same elements are required to prove plaintiffs' claim under New York labor law as under federal law."); *Khan v. IBI Armored Servs., Inc.*, 474 F.Supp.2d 448, 451 n. 1 (E.D.N.Y.2007)(Vitaliano, J.)("New York's overtime law incorporates most of the FLSA's substantive provisions and exemptions, and a court's analysis under federal and state law will, in this and most cases, be the same.") Nevertheless, there are some relevant differences that must be addressed.

First, unlike the FLSA, the New York Labor Law allows employees to recover for each regular hour worked at their regular rate, even for non-gap time hours. *Wolman v. Catholic Health System of Long Island, Inc.*, 2012 WL 566255 at *14, n. 9 (E.D.N.Y. February 16, 2012)(Seybert, J.)(holding that under the New York Labor Law an employee must get paid for each hour he worked at his regular rate) *citing* *Hintergerger v. Catholic Health System*, 2012 WL 125152 at *5 (W.D.N.Y. January 17, 2012). Under the New York Labor Law, then, Plaintiff may recover for each hour he worked at his regular rate and for each overtime hour he worked at the overtime rate.

Second, during the operative period of the complaint, the New York Labor Law allowed liquidated damages of 25% if the employer acted "willfully." Under the New York Labor Law, "an employer acts 'willfully' if it 'knowingly, deliberately, or voluntarily disregards its obligation to pay wages." *Moon v. Kwon et al.*, 248 F.Supp.2d 201, 235 (S.D.N.Y. Sept. 9, 2002). The Second Circuit has recognized "that the NYLL's willfulness standard does not appreciably differ from the FLSA's willfulness standard." *Kuebel*, *supra*, 643 F.3d at 366 (2d Cir. 2011). At least

one court has found that a failure to show a good faith attempt to comply with the New York Labor Law renders the employer's conduct willful. ***Benavidez v. Plaza Mexico Inc.***, 2012 WL 500428 at *8 (S.D.N.Y. February 18, 2012). The record is bare of any attempts by the Defendant to ascertain their legal obligations under the FLSA or New York Labor Law and, as such, Plaintiff can recover liquidated damages under the New York Labor Law.

## II. DEFENDANT'S COUNTERCLAIM

### 1. Statement of Facts

Defendant alleges that Plaintiff "stole" gasoline for his use because he was seen filling up containers with gasoline by some unspecified employees of Defendant and thus "unjustly enriched himself." Plaintiff testified, and Defendant corroborated such testimony, that Plaintiff and other employees had to purchase gasoline and pour it into containers so as to put it into generators at the jobsite. Except that Defendant claims that Plaintiff took more of such gasoline, allegedly for his use. Defendant could not quantify such amounts allegedly "stolen" by Plaintiff. Defendant did not file a police report or an insurance report. Nor was Plaintiff terminated for such alleged "theft." This allegation emerged only after Plaintiff sued Defendant for wages in the instant action.

### 2. Argument

#### A. *Defendant Will Not be Able to Establish Unjust Enrichment*

The elements of the unjust enrichment cause of action in New York are that: (1) the defendant was enriched; (2) at plaintiff's expense; and (3) it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered. ***Georgia Malone & Co, Inc. v. Rieder,*** 19 N.Y.3d 511, 516 (2012). It is, of course, Defendant's burden of proof.

At bar, Defendant will not be establish any element of unjust enrichment. First, Defendant will not be able to establish that Plaintiff was enriched, much less at Defendant's expense. The testimony will show that Plaintiff purchased gasoline and put it in containers for Defendant's use in generators at various jobsites. Consequently, there was nothing for him to retain.

Accordingly, the jury will likely find in Plaintiffs' favor on this counterclaim.

### III.   CONCLUSION

For this Court's convenience, Plaintiffs respectfully submit the foregoing memorandum of law in support of Plaintiffs' claims.

Dated: New York, NY
August 4, 2014

Respectfully submitted,

By:_____/s/_____
    Robert Wisniewski
Attorney for Plaintiff
225 Broadway - Suite 1020
New York, New York 10007